1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,                Case No.  20-cr-00321-EMC-4

8                        Plaintiff,
                                             **ORDER DENYING DEFENDANT'S**
9            v.                              **MOTION FOR BILL OF**
                                             **PARTICULARS AND MOTIONS TO**
10   JOSHUA CLARK,                           **SUPPRESS**

11                       Defendant.          Docket Nos. 93-95

12

13

14          For the reasons stated on the record, the Court **DENIES** all three motions brought by

15   Defendant.

16          As to the Defendant's motion for bill of particulars, the indictment is sufficiently detailed

17   and, taken together with the substantial discovery produced, the three functions of a bill are

18   satisfied.  *See United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (stating that functions

19   of a bill are as follows: "'to inform the defendant of the nature of the charge against him with

20   sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise

21   at the time of trial, and to enable him to plead his acquittal or conviction in bar of another

22   prosecution for the same offense when the indictment itself is too vague, and indefinite for such

23   purposes'"); *see also United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) (stating that a bill

24   of particulars "is designed to apprise the defendant of the specific charges being presented to

25   minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy").

26          The motion to suppress Defendant's statement is denied because the interview was not

27   custodial.  None of the factors typically considered by a court in determining custody, *see United*

28   *States v. Hernandez*, 476 F.3d 791, 796 (9th Cir. 2007) (noting that "[r]elevant circumstances to

United States District Court
Northern District of California

the custody analysis 'include the language used by the officers, the physical characteristics of the place where the question occurs, the degree of pressure applied to detain the individual, the duration of the detention, and the extent to which the person was confronted with evidence of guilt'"), weigh in favor of finding custodial status here.  Defendant was at home at the time of the interview and was not handcuffed, and there is no indication that his movement was restricted by, *e.g.*, blocking of any exits and any other verbal command.  He was not isolated from others when he was questioned.  Nor were there any hallmarks of a police-dominated atmosphere.  He was told early on that he could consult with an attorney, an offer which he later took up.

The motion to suppress the fruits of the search is denied because there was probable cause to believe evidence, instrumentalities, or fruits of a crime would be found in Defendant's email account which was the subject of the warrant.  As the government points out, Paragraph 27 of the October 2019 affidavit and the May 2019 affidavit establish that altered bills of lading were sent to his email account, and there was direct communication between Defendant and Michael Choy announcing Defendant's new email address and referencing a wire, shipping instructions, and HTS code 3906.90.20 PMMA/PS.  The affidavit tied TPP export to the scheme (at Paragraph 26) and Choy indicated in an interview his continued business dealings with Defendant.  Even if the last sentence of Paragraph 38 pertaining to Choy's continued dealings with Defendant were disregarded (as Defendant raised at the hearing a potential *Franks* challenge to that statement), there is still probable cause that evidence of a crime would be found in the subject email account of Defendant.  As the Court stated at the hearing, the issue is not necessarily whether there was probable cause of Defendant's guilt but whether there was probable cause to believe that evidence of a crime would be found in the email account.  Moreover, the motion to suppress is further denied because the enforcement officers in this case acted in objective and reasonable reliance on the warrant issue by the magistrate judge under *United States v. Leon*, 468 U.S. 897 (1984).  Nor was the information underlying the warrant stale, given the record retention requirements.  Finally,

///

///

///

the warrant was not overbroad because it identified the items to be copied by law enforcement,

limiting them to fruits, contraband, evidence, and instrumentalities of the specific crimes

described.  *See* Docket No. 95-4, at 25.

This order disposes of Docket Nos. 93, 94, and 95.


**IT IS SO ORDERED**.


Dated: November 22, 2021

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California