1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6
7    UNITED STATES OF AMERICA,              Case No.  20-cr-00321-EMC-1
8                    Plaintiff,
                                            **CLOSING JURY INSTRUCTIONS**
9         v.
10   DALE BEHM, et al.
11                   Defendants.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 1**

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  You will recall that you took an oath promising to do so at the beginning of the case.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return – that is a matter entirely up to you.

**JURY INSTRUCTION NO. 2**

**CHARGE AGAINST DEFENDANT NOT EVIDENCE –**

**PRESUMPTION OF INNOCENCE – BURDEN OF PROOF**

The charges are not evidence.  The defendants have pleaded not guilty to the charges.  The defendants are presumed to be innocent unless and until the government proves each defendant guilty beyond a reasonable doubt.  In addition, a defendant does not have to testify or present any evidence.  A defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

**JURY INSTRUCTION NO. 3**

**DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

**JURY INSTRUCTION NO. 4**

**REASONABLE DOUBT – DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

# JURY INSTRUCTION NO. 5

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits received in evidence; and

Third, any facts to which the parties have agreed.

**JURY INSTRUCTION NO. 6**

**WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence, and you may not consider them in deciding what the facts are:

    1.    Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

    2.    Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

    3.    Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 7**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 8

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**JURY INSTRUCTION NO. 9**

**STATEMENTS BY DEFENDANT**

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

**JURY INSTRUCTION NO. 10**

[INSTRUCTION OMITTED.]

**JURY INSTRUCTION NO. 11**

**TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES**

You have heard testimony from David Burbidge and Colin Liang.

Mr. Burbidge is a witness who received immunity. That testimony was given in exchange for a promise by the government that the witness will not be prosecuted. For this reason, in evaluating the testimony of Mr. Burbidge, you should consider the extent to which or whether his testimony may have been influenced by this factor. In addition, you should examine the testimony of Mr. Burbidge with greater caution than that of other witnesses.

Mr. Liang is a witness who pleaded guilty to a crime arising out of the same events for which the defendant is on trial. For this reason, in evaluating the testimony of Mr. Liang, you should consider the extent to which or whether his testimony may have been influenced by this factor. In addition, you should examine the testimony of Mr. Liang with greater caution than that of other witnesses. Mr. Liang's guilty plea is not evidence against either defendant, and you may consider it only in determining his believability.

**JURY INSTRUCTION NO. 12**

**OPINION EVIDENCE, EXPERT WITNESS**

You have heard testimony from experts who testified about their opinions and the reasons for those opinions.  This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of the witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**JURY INSTRUCTION NO. 13**

**CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE**

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 14**

**CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE**

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

**JURY INSTRUCTION NO. 15**

**CHARGES AGAINST DEFENDANTS**

The government charges the defendants, Dale Behm and Joshua Clark, with:

- conspiring to defraud U.S. Customs and Border Protection by filing false, fictitious, and fraudulent claims in violation of 18 U.S.C. § 286 (Count 1);

- filing false, fictitious, or fraudulent claims in violation of 18 U.S.C. §§ 287 and 2 (Counts 2-5, 8-9, 11, 13-16); and

- wire fraud in violation of 18 U.S.C. §§ 1343 and 2 (Counts 17, 21-28).

Mr. Clark is further charged with:

- money laundering in violation of 18 U.S.C. §§ 1957 and 2 (Count 35) and

- laundering monetary instruments in violation of 18 U.S.C. §§ 1956(a)(2)(A) and 2 (Count 41).

Mr. Stanka, Mr. Liang, and Mr. Choy are also charged in this case.  Mr. Stanka and Mr. Liang have entered pleas, and Mr. Choy is a fugitive.  Some charges in this case are not consecutively numbered, and you are to disregard and not consider any gaps in the charge numbers.

United States District Court
Northern District of California

16

# JURY INSTRUCTION NO. 16

## ACTIVITIES NOT CHARGED

You are here only to determine whether each defendant is guilty or not guilty of the charges in the indictment.  The defendants are not on trial for any conduct or offense not charged in the indictment.

United States District Court
Northern District of California

1

United States District Court
Northern District of California

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 17**

**SEPARATE CONSIDERATION OF MULTIPLE COUNTS – MULTIPLE**

**DEFENDANTS**

A separate crime is charged against one or more of the defendants in each count.  The charges have been joined for trial.  You must decide the case of each defendant on each crime charged against that defendant separately.  Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant or count.

# JURY INSTRUCTION NO. 18

## AIDING AND ABETTING (18 U.S.C. § 2)

Except for Count 1, all of the counts charged refer to a violation of a criminal statute *and* 18 U.S.C. § 2.  Under § 2, a defendant may be found guilty of a crime, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove a defendant guilty of a crime by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

> First, a crime charged in the indictment was committed by someone else;
>
> Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of that particular crime;
>
> Third, the defendant acted with the intent to facilitate that particular crime; and
>
> Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit that particular crime.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

**JURY INSTRUCTION NO. 19**

**CONSPIRACY TO FILE FALSE CLAIMS IN VIOLATION OF 18 U.S.C. § 286**

**(COUNT 1)**

The defendants are charged in Count 1 of the indictment with conspiring to defraud U.S. Customs and Border Protection by filing false, fictitious, and fraudulent claims, a violation of § 286 of Title 18 of the United States Code.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

> First, beginning on or about July 17, 2014, and continuing to at least on or about September 27, 2019, there was an agreement between two or more persons to defraud U.S. Customs and Border Protection and violate the law by obtaining, or aiding to obtain, the payment or allowance of a false, fictitious, or fraudulent claim; and
>
> Second, the defendant became a member of the conspiracy knowing of its unlawful object and intending to help accomplish it.

A conspiracy is a kind of criminal partnership – an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to file false, fictitious, or fraudulent claims as alleged in the indictment as an object of the conspiracy.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not

become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

# JURY INSTRUCTION NO. 20

## CONSPIRACY TO FILE FALSE CLAIMS IN VIOLATION OF 18 U.S.C. § 286

## (COUNT 1) –

## ON OR ABOUT – DEFINED

The indictment charges that the offense alleged in Count 1 (18 U.S.C. § 286) was committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that this offense was committed on dates reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

**JURY INSTRUCTION NO. 21**

[INSTRUCTION OMITTED.]

**JURY INSTRUCTION NO. 22**

**CONSPIRACY TO FILE FALSE CLAIMS IN VIOLATION OF 18 U.S.C. § 286**

**(COUNT 1) –**

**LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED**

**BY CO-CONSPIRATOR**

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find a defendant guilty of a false claims charge as charged in Counts 2-5, 8-9, 11, and 13-16 of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

> First, a person named in Counts 2-5, 8-9, 11, and 13-16 of the indictment committed the crime of false claims as alleged in that particular count;
>
> Second, the person was a member of the conspiracy charged in Count 1 of the indictment;
>
> Third, the person committed the crime of false claims in furtherance of the conspiracy;
>
> Fourth, the defendant was a member of the same conspiracy (knowing of its unlawful object and intending to help accomplish it) at the time the offense charged in Counts 2-5, 8-9, 11, and 13-16 was committed; and
>
> Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 23**

**FALSE CLAIMS IN VIOLATION OF 18 U.S.C. § 287 (COUNTS 2-5, 8-9, 11, AND 13-16)**

The defendants are charged in Counts 2-5, 8-9, 11, and 13-16 of the indictment with false claims in violation of § 287 of Title 18 of the United States Code.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

> First, the defendant made or presented a false, fictitious, or fraudulent claim to U.S. Customs and Border Protection;

> Second, the defendant knew such claim was false, fictitious, or fraudulent at the time it was made or presented; and

> Third, the defendant did so with the specific intent to violate the law or with a consciousness that what he was doing was wrong.

It is not necessary for the government to pay or honor the claim or that the government lost money as a result of the false claim.

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 24

## WIRE FRAUD IN VIOLATION OF 18 U.S.C. § 1343 (COUNTS 17, 21-28)

The defendants are charged in Count 17 and Counts 21 through 28 of the indictment with wire fraud against U.S. Customs and Border Protection in violation of § 1343 of Title 18 of the United States Code.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

> First, the defendant knowingly devised or participated in a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, promises, or omitted facts.  Deceitful statements of half-truths may constitute false or fraudulent representations;
>
> Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, U.S. Customs and Border Protection to part with money or property;
>
> Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and
>
> Fourth, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

To convict the defendant of wire fraud based on omissions of material facts, you must find that the defendant had a duty to disclose the omitted facts arising out of a relationship of trust. That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance which it would ordinarily exercise.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature.  Rather, it must have been reasonably foreseeable to the defendant

that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

1

2

3

**JURY INSTRUCTION NO. 25**

**WIRE FRAUD IN VIOLATION OF 18 U.S.C. § 1343 (COUNTS 17, 21-28) –**

**GOOD FAITH**

For Count 17 and Counts 21 through 28, you may determine whether a defendant had an honest, good faith belief in the truth of any statement or representation alleged to be false or fraudulent in determining whether or not the defendant acted with intent to defraud for purposes of the wire fraud.

The good faith of a defendant is a complete defense to the charges of wire fraud because good faith on the part of the defendant is inconsistent with the intent to defraud, an essential part of that crime. A person who acts with an honest intention does not possess a fraudulent intent. A person who expresses a belief or an opinion honestly held does not have fraudulent intent even if his opinion is erroneous and his belief is a mistaken belief. Finding that a defendant merely made a mistake of judgment or an error in management or was careless does not establish fraudulent intent.

However, a defendant's belief that the victim of the fraud will be paid in the future or will sustain no economic loss is no defense to the crime.

The burden of proving the intent to defraud necessary for wire fraud rests on the prosecution. The defendant is under no burden to prove good faith.

**JURY INSTRUCTION NO. 26**

**WIRE FRAUD IN VIOLATION OF 18 U.S.C. § 1343 (COUNTS 17, 21-28) –**

**SCHEME TO DEFRAUD – VICARIOUS LIABILITY**

As to Count 17 and Counts 21 through 28 (wire fraud), if you decide that a defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, that defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if the defendant did not know what the other co-schemers said or did.

For a defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud based on the facts that were known to him.

**JURY INSTRUCTION NO. 27**

**MONEY LAUNDERING IN VIOLATION OF 18 U.S.C. § 1957 (COUNT 35)**

Defendant Joshua Clark is charged in Count 35 of the indictment with money laundering in violation of § 1957 of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

> First, the defendant knowingly engaged or attempted to engage in a monetary transaction;
>
> Second, the defendant knew the transaction involved criminally derived property;
>
> Third, the property had a value greater than $10,000;
>
> Fourth, the property was, in fact, derived from wire fraud in violation of § 1343 of Title 18 of the United States Code; and
>
> Fifth, the transaction occurred in the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer or exchange, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "financial institution" means an insured bank as defined in the Federal Deposit Insurance Act as alleged in the indictment.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 28**

**MONEY LAUNDERING IN VIOLATION OF 18 U.S.C. § 1957 (COUNT 35) –**

**KNOWINGLY – DEFINED**

As I stated, the first element of a money laundering violation is that the defendant knowingly engaged or attempted to engage in a monetary transaction.  For purposes of this first element only, an act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

This instruction applies only to the act of engaging in monetary transactions, and not to whether a defendant knew the money involved in the transaction was the proceeds of criminal activity.

**JURY INSTRUCTION NO. 29**

**TRANSPORTING FUNDS TO PROMOTE UNLAWFUL ACTIVITY IN**

**VIOLATION OF 18 U.S.C. § 1956(a)(2)(A) (COUNT 41)**

Defendant Joshua Clark is charged in Count 41 the indictment with transporting funds to promote unlawful activity in violation of § 1956(a)(2)(A) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant transported money from a place in the United States to or through a place outside the United States; and

Second, the defendant acted with the intent to promote the carrying on of wire fraud.

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 30

## DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 31

### CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify

34

the court immediately.

**JURY INSTRUCTION NO. 32**

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**JURY INSTRUCTION NO. 33**

**JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**JURY INSTRUCTION NO. 34**

**VERDICT FORM**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

## JURY INSTRUCTION NO. 35

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.